## Goldstein v. Goldstein and Elgin Realty Company.

*Equity pleading—Demurrers—Answers—Equity Rules Nos. 15 and 48.*

1. Equity Rule No. 15 expressly abolishes demurrers.

2. An answer raising the question of the sufficiency of the averments of the bill is not within the purview of sub-division 7 of Equity Rule 48; hence, a paper in form, name and effect a demurrer, may not be validated by treating it as an answer.

Demurrer to bill in equity. C. P. No. 5, Phila. Co., March T., 1925, No. 4134.

*F. S. Brown,* for plaintiff; *W. A. Gray,* for defendant.

MARTIN, P. J., Nov. 20, 1925.—A bill in equity was filed praying for an accounting of certain partnership transactions, for the appointment of a receiver for the William Goldstein Company and for general relief.

The defendant William Goldstein on May 14, 1925, filed a demurrer and Abraham Goldstein filed an answer.

No. 15 of the new Equity Rules expressly abolishes demurrers in equity. These rules went into effect on Jan. 1, 1925.

Rule 48 provides for raising preliminary objections to the bill in certain specified cases. The only portion of the rule under which the objections raised by this demurrer might come is sub-division 7, which provides that the preliminary objection may be made "for any other reason, defendant should not be required to answer the facts averred, since he has a full and complete defence to plaintiff's claim, specifically stated, which does not require the production of evidence to sustain it."

An answer raising the question of the sufficiency of the averments of the bill is not within the purview of sub-division 7 of Rule 48. That rule contemplates a defence to the claim and not an allegation of the weakness or insufficiency of the averments of the bill to sustain the action.

The paper filed is in form, in name and in effect a demurrer; the request of the demurrant for judgment thereon must be overruled.

And now, to wit, Nov. 20, 1925, the demurrer filed by the defendant William Goldstein is overruled and leave is granted to file an answer to the bill within thirty days.